**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4918

GARY LEONARD TUNNAGE, a/k/a Gary
Tunnage,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-685)

Submitted: March 9, 1999

Decided: April 5, 1999

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael S. Seekings, Charleston, South Carolina, for Appellant. Cameron Glenn Chandler, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gary Leonard Tunnage appeals from his conviction, pursuant to a guilty plea, of one count of possession with intent to distribute cocaine and cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1981 & Supp. 1998). Tunnage's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Tunnage's appeal does not present any meritorious issues, but raising one issue: whether the court committed reversible error when it sentenced Tunnage based upon the sentencing guidelines for crack and powder cocaine rather than only the guideline for powder cocaine. Tunnage was informed of his right to file a pro se supplemental brief and has not done so. Finding no reversible error, we affirm.

The court properly determined that Tunnage was competent to enter a plea and that he understood the charge against him. Tunnage stated at the plea hearing that he was taking an anti-depressant prescription medication. After questioning Tunnage and his counsel, the court determined that Tunnage's thought process was not jeopardized by the medication. The court also informed Tunnage of the maximum and minimum sentence, the effect of any term of supervised release, and the possible fine.* Tunnage was also informed that the court was obligated to consider the applicable Sentencing Guidelines, and regardless of any promise or prediction of sentence or recommendation by the Government, the court would decide the sentence. The court also reviewed the plea agreement. Tunnage stated that he was not promised anything other than what was in the agreement. He was informed of the rights he was waiving by entering a guilty plea. The Government then stated that a search of Tunnage's vehicle after a traffic stop revealed three packages of cocaine. According to the Government, tests at the Drug Enforcement Administration laboratory showed that Tunnage was in possession of 1086 grams of cocaine

_____

*At the time of the plea hearing, it had not been determined whether the contraband that was found on Tunnage at the time of his arrest was powder cocaine or crack cocaine. Tunnage was informed of the differences in the maximum and minimum sentences for each.

2

hydrochloride and 518.4 grams of cocaine base. Tunnage stated that he did not disagree with the Government's factual statement. The court found a sound factual basis for accepting the guilty plea.

The court properly determined Tunnage's sentence. According to the presentence investigation report ("PSI"), Tunnage's base offense level was 36, based on a conversion of the cocaine hydrochloride and cocaine base into the equivalent of 10,585.2 kilograms of marijuana. See U.S. Sentencing Guidelines Manual § 2D1.1 & comment. (nn. 6, 10) (1996). The PSI also recommended a 2-level reduction pursuant to USSG § 2D1.1(b)(4), because Tunnage met the criteria set forth in USSG § 5C1.2 for limitation on the application of statutory minimum sentences (the safety valve provision). In addition, the PSI recommended a 3-level reduction for acceptance of responsibility. See USSG § 3E1.1. Because Tunnage was placed in criminal history category I, the sentencing guidelines range was 108 to 135 months' imprisonment. The PSI noted that the statutory minimum sentence was ten years. See 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1981 & Supp. 1998).

At sentencing, there were no objections to the PSI. Without objection from the Government, the court found Tunnage eligible for the safety valve provision of USSG §§ 2D1.1(b)(4), 5C1.2, and imposed a sentence in accordance with the guidelines without regard to the statutory minimum. Tunnage was sentenced at the low end of the guidelines range, 108 months' imprisonment.

There is no merit to Tunnage's argument that the court erred by sentencing him based upon powder cocaine and crack cocaine. A district court's findings of fact at sentencing are reviewed for clear error. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). At the plea hearing, Tunnage did not challenge the prosecutor's statement that Tunnage was found in possession of both powder cocaine and crack cocaine. The record before the court also included the lab results showing that Tunnage possessed crack cocaine. Thus, it was not clear error to determine Tunnage's sentence based upon both powder cocaine and crack cocaine.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm

3

Tunnage's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4